UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Elyse Robinson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br>-v.-<br><br>Midland Credit Management, Inc., Midland Funding LLC and John Does 1-25,<br><br><br>Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Elyse Robinson (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") and Defendant Midland Funding LLC (hereinafter "Defendant Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

"the effective collection of debts" does not require "misrepresentation or other abusive debt

collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the FDCPA was not only to eliminate

abusive  debt collection practices, but also to "insure that those debt collectors who refrain

from using  abusive debt collection practices are not competitively disadvantaged." 15

U.S.C. § 1692(e).   After determining that the existing consumer protection laws were

inadequate. *Id.* § 1692(b),  Congress gave consumers a private cause of action against debt

collectors who fail to comply  with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and

15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this

action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this

is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Delaware consumers under

§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt

Collections Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Delaware, County of New Castle, and resides at 2093 Philadelphia Pike 1106, Claymont DE 19703.

8.      Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207

9.      Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207.

11.     Defendant Midland Funding is engaged in the business of acquiring, or claiming to acquire, delinquent debts and collecting them, both directly and through collection agencies. It is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12.     Upon information and belief, Defendant Midland Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13.     All acts of Defendant MCM with respect to the collection of this account were conducted as an authorized agent for Defendant Midland Funding.

13.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and who should be made parties to this action.

## CLASS ALLEGATIONS

14.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.    The Class consists of:

 a.  all individuals with addresses in the State of Delaware;

 b.  to whom Defendant MCM sent an initial collection letter attempting to collect a consumer debt;

 c.  on behalf of Defendant Midland Funding;

 d.  containing deceptively worded settlement offers;

 e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

19.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

5

class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24.     Some time prior to February 6, 2020, an obligation was allegedly incurred to creditor Comenity Capital Bank/Overstock.Com.

25.     The Comenity Capital Bank/Overstock.Com obligation arose out of transactions incurred primarily for personal, family or household purposes.

26.     The alleged Comenity Capital Bank/Overstock.Com obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.     Comenity Capital Bank/Overstock.Com is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28.     Defendant Midland Funding purchased the Comenity Capital Bank/Overstock.Com debt and contracted with the Defendant MCM to collect the alleged debt.

*Violation – February 6, 2020 Collection Letter*

29.     On or about February 6, 2020, Defendant MCM sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant Midland Funding. See a true and correct copy of the Letter attached at Exhibit A.

30.     The Letter states a current balance of $2,828.65 and gives three payment options:

1) Save 40% - Pay 1 payment of $1,697.19 and save $1,131.46

2) Save 20%  - Pay 6 consecutive monthly payments of $377.15 and save $565.73

3) Pay $50 per month - Payments as low as $50 per month.

31.     Underneath all three options, the Letter states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

32.     The third option provided in the Letter is not adequately explained and results in at least two different possible interpretations.

33.     First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments of $50 a month.

34.     Second, Option 3 might be construed to be an option where monthly payments of

$50 would be made until the debt is paid off.

35.     By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

36.     In addition, the Letter's statement (underneath the options) that the account will be considered paid-in-full for less than the full balance after the final payment is posted is deceptive regarding the third option.

37.     If the third option is construed as $50 per month until paid in full, the statement is deceptive because it should not be considered paid-in-full for less than the full balance if the payment is actually paid in full.

38.     If the third option is construed as a settlement with savings, then the option is deceptive because it does not clearly explain the settlement and how much the consumer would save with this option.

39.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e, *et seq.*

40.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendants violated §1692e:

    a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

    b.  By making a false and misleading representation in violation of §1692e(10).

44.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

45.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elyse Robinson, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM and Defendant Midland Funding as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*